UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED WISCONSIN INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SALA & SONS CONSTRUCTION CO., INC., DECISIONHR HOLDINGS INC.,<br><br>　　　　　　　　　Defendants, and<br><br>RUFINO CULEBRO PASOS,<br><br>　　　　　　　　　Nominal Defendant. | Case No. 7:24-cv-07349-CS<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.　Counsel for any party may designate any document or information that such party produces in discovery (the "Producing Party"), in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." No counsel shall have the right to designate any document or information that has been produced by another party as confidential, unless those parties have agreed otherwise.

1

16359213-6

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. The Confidential Information, as well as any other information and documents produced by a party to this action that are privileged as respects Nominal Defendant, Rufino Culebro Pasos, shall not be disclosed or produced to Rufino Culebro Pasos, except at a deposition or trial and then still subject to privilege assertions.

4. In the event a party challenges the Producing Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed by the parties receiving the documents to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Witnesses and court reporters at depositions or trial;

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

  f. As agreed to in writing by the Producing Party.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6. Except for documents produced to people identified in paragraphs 5.a. 5.b. and 5.e. . above, prior to disclosing or displaying the Confidential Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Nothing in this Stipulation shall be construed as precluding any party from filing any document with or disclosing information to the Court. If any party seeks to file documents or information with the Court that has been designated as "CONFIDENTIAL", in a manner in which such document or information may be available to persons or entities not parties to the above-captioned action or to the Nominal Defendant, Rufino Culebro Pasos, the party seeking to make such filing shall provide at least ten (10) calendar days' notice by Email to all parties. The Producing Party shall be responsible for seeking permission for the documents to be filed under seal with the Court and/or for other protections consistent with this Stipulation and shall have the burden of proof. If, after fourteen (14) calendar days' notice, the Court has not issued a sealing order or some other order affecting the ability to file the documents or information, the documents and information may be filed with the Court, not under seal. If the Court still has not issued a sealing order by the expiration of any extension of time to file the documents, the documents and information may be filed with the Court, not under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject

16359213-6

to further appeal) returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. This Stipulation is not effective unless signed by all parties or "so ordered" by the Court.

**SO STIPULATED AND AGREED.**

Dated: March 17, 2025
White Plains, New York

**Counsel for Plaintiff(s)**

By: /s/ William D. Deveau
William D. Deveau
Connell Foley LLP
185 Hudson Street, Suite 2510
Jersey City, New Jersey 07311
(201) 521-1000
Attorneys for Plaintiff, *United Wisconsin Insurance Company*

**Counsel for Defendant(s)**

By: /s/Carl Schaerf
Carl Schaerf, Esq.
Kerley, Walsh Matera & Cinquemani, P.C.
200 Sheffield Street, Suite 208 Mountainside, New Jersey 07092
Attorneys for Defendant, *Decision HR Holdings Inc.*

5

16359213-6

By: _____
Marshall T. Potashner, Esq.
Jaffe & Asher LLP
445 Hamilton Avenue Suite 405
White Plains, NY 10601
Attorneys for Defendant, *Salas & Sons Construction Co. Inc.*

**Counsel for Nominal Defendant**

By: _/s/Richard M. Winograd_
_____
Richard M. Winograd, Esq.
Ginarte Gonzalez Winograd LLP
The Woolworth Building
233 Broadway, 24th Floor
New York, NY 10279
Attorneys for Nominal Defendant, *Rufino Culebro Pasos*

SO ORDERED.

*Cathy Seibel*   3/18/25
_____
CATHY SEIBEL, U.S.D.J.

6

16359213-6

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *United Wisconsin v. Sala & Sons Construction Co., Inc. et al.* Case No. 7:24-cv-07349-CS have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__


_____        _____
Name (printed)                                              Signature

Signed in the presence of:

_____

(Attorney)